

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00380-CV

———————————————

ALISON MAGUIRE, KERI CARUTHERS, TRACY RUNNELS, AND EMILY
MEISNER, Appellants

V.

ROSA RIOS, IN HER OFFICIAL CAPACITY AS CITY SECRETARY OF THE CITY
OF DENTON, TEXAS; THE CITY OF DENTON, TEXAS; GERARD
HUDSPETH, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY COUNCIL
OF THE CITY OF DENTON, TEXAS; VICKI BYRD, BRIAN BECK, JESSE
DAVIS, BRANDON CHASE-MCGEE AND CHRIS WATTS, IN THEIR OFFICIAL
CAPACITIES AS CITY COUNCILMEMBERS OF THE CITY OF DENTON,
TEXAS; AND FRANK PHILLIPS, IN HIS OFFICIAL CAPACITY AS DENTON
COUNTY ELECTIONS ADMINISTRATOR, Appellees

On Appeal from the 431st District Court

Denton County, Texas
Trial Court No. 22-4543-431

---

Before Kerr, Bassel, and Wallach, JJ.
Per Curiam Memorandum Opinion on Rehearing

## MEMORANDUM OPINION ON REHEARING

Appellants Alison Maguire, Keri Caruthers, Tracy Runnels, and Emily Meisner sued Appellees Rosa Rios, in her official capacity as City Secretary of The City of Denton, Texas; The City of Denton, Texas (the City); Gerard Hudspeth, in his official capacity as Mayor of the City Council of the City of Denton, Texas, and Vicki Byrd, Brian Beck, Jesse Davis, Brandon Chase-McGee, and Chris Watts, in their official capacities as City Councilmembers of the City of Denton, Texas (the Councilmember defendants); and Frank Phillips, in his official capacity as Denton County Elections Administrator.[1] Appellants' petition for injunctive and declaratory relief turned on their interpretation of Section 4.13 of the Denton City Charter in attempting to avoid Maguire's recall in the then-upcoming November 8, 2022 election.

The City, Rios, the Councilmember defendants, and Phillips each filed pleas to the jurisdiction. Rios, the City, and the Councilmember defendants also filed a joint Rule 91a motion to dismiss, a response opposing Appellants' request for a temporary injunction, and a motion to strike Appellants' pleading exhibits.

On September 27, 2022, the trial court held a hearing on the Rule 91a motion and Phillips's plea to the jurisdiction. In two separate written orders signed on September 28, 2022, the trial court granted both. In the order granting the Rule 91a

---

[1]Appellants also sued Donald Duff, in his official capacity as representative of a committee of electors in the City of Denton, Texas. On September 7, 2022, after Appellants and Duff filed a joint motion to nonsuit Duff with prejudice, the trial court granted the nonsuit.

motion, the trial court ordered that "all plaintiffs' claims against [The City, Rios, and the Councilmember defendants, hereinafter City-affiliated defendants] are now dismissed" with prejudice, and it "fully released and dismissed" these defendants from the proceedings. In the order granting Phillips's plea to the jurisdiction, it ordered that "each and every claim of Plaintiffs" against Phillips "be DISMISSED with prejudice." Appellants appealed.

Maguire was recalled in the November 8, 2022 election, and the Denton City Council certified that recall on November 22, 2022.

On November 30, 2022, we informed the parties that it appeared that the relief sought by appellants had been rendered moot because the November 8, 2022 election had taken place. *See Kolsti v. Guest*, 576 S.W.2d 892, 894 (Tex. App.—Tyler 1979, no writ) (explaining, in electoral context, that the case had become moot because of intervening events); *see also Matthews ex rel. M.M. v. Kountze ISD*, 484 S.W.3d 416, 418 (Tex. 2016) ("The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events."). We asked Appellants (or any party desiring to continue the appeal) to file a response showing grounds for continuing the appeal within ten days, or we would dismiss the appeal as moot. *See* Tex. R. App. P. 42.3(a), (c), 44.3.

Appellants have filed a response, but it does not show grounds for continuing the appeal. Accordingly, we dismiss this appeal as moot. *See Kosti*, 576 S.W.2d at 894;

4

*see also Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 689 (Tex. 2022) (explaining that a court lacks jurisdiction to issue an opinion on a moot controversy).[2] We vacate the trial court's underlying orders and dismiss the case. *Alsobrook v. MTGLQ Inv'rs, LP*, No. 22-0079, 2022 WL 17072341, at *2 (Tex. Nov. 18, 2022) ("[M]ootness on appeal requires vacatur of the underlying judgment as well as dismissal of the case.").[3]

Per Curiam

Delivered: January 19, 2023

---

[2]Before the election, the City-affiliated defendants filed a motion to dismiss this appeal for lack of a final judgment. Because we dismiss the appeal for mootness, we do not reach the merits of the City-affiliated defendants' motion. *See* Tex. R. App. P. 47.1.

[3]In their motion for rehearing, Appellants requested that we correct our prior opinion by vacating the trial court's underlying orders. Accordingly, we withdraw our December 22, 2022 opinion and judgment and substitute the above in their place. Appellants requested the same relief in a motion for rehearing en banc, which is rendered moot by this memorandum opinion on rehearing.